UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA


CHARLES DERRICK KELLER,            )
                                   )
            Plaintiff,             )
      vs.                          )        No. 2:09-cv-297-LJM-JMS
                                   )
HARVEY T. LAPPIN, Director of the FBOP, )
  et al.,                          )
                                   )
            Defendants.            )


**Entry and Order**

    The complaint of Charles Derrick Keller pursuant to the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 38 (1971), is subject to the screening required by 28 U.S.C. § 1915A(b). *Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). This statute requires that any complaint submitted by a prisoner, or any claim within such a complaint, be dismissed if the complaint or the claim fails to state a claim upon which relief can be granted. *Id.* Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

    Keller is an inmate at the Federal Correctional Complex in Terre Haute, Indiana ("FCI"). The FCI is a prison operated by the Federal Bureau of Prisons ("BOP"). He alleges that his rights were violated when he was assaulted by another inmate. He sues defendants Harvey Lappin, the Director of the BOP, FCI Warden Veach, FCI Captain Thomas Smith, FCI Officers Rush, Estep, Skeel, Schmalensee and Holstine, and Operations Lieutenant Johnson for gross negligence. He alleges that a John Doe, Chief Psychologist, was deliberately indifferent to his serious medical needs. Finally, he sues the inmate who attacked him for assault. Keller seeks compensatory and punitive damages, as well as declaratory relief.

    Keller's negligence claims are **dismissed**. To bring a *Bivens* action, the plaintiff must assert more than negligence. *See Schweiker v. Chilicky*, 487 U.S. 412, 447 (1988); *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a *prima facie* case under *Bivens*). To the extent Keller brings these negligence claims pursuant to the Federal Tort Claims Act, they must still be dismissed because these defendants are not the proper defendants. The only proper defendant in an action pursuant to the FTCA is the United States itself, *Hughes v. United States,* 701 F.2d 56, 58 (7th Cir. 1982), and the United States is not included as a defendant in this case. *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005)(noting that the composition and content of the amended complaint are entirely the responsibility

of the plaintiff, for "even pro se litigants are masters of their own complaints and may choose who to sue-or not to sue").

Next, Keller's deliberate indifference claim against the John Doe Chief Psychologist and his assault claim against the John Doe inmate must also be **dismissed** because "it is pointless to include [an] anonymous defendant[ ] in federal court; this type of placeholder does not open the door to relation back under *Fed.R.Civ.P.* 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel,* 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted).

Because each of his claims have been dismissed, the plaintiff's complaint must be dismissed. The dismissal of the complaint will not, in this case, lead to dismissal of the action at this time. Instead, the plaintiff shall have **through December 23, 2009,** in which to file an **amended complaint.** The plaintiff is **notified** that *the amended complaint will completely replace and supersede the original complaint. Massey v. Helman,* 196 F.3d 727, 735 (7th Cir. 1999).

**IT IS SO ORDERED.**

Date: 12/02/2009

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Charles Derrick Keller
06822-025
Coleman I, U.S. Penitentiary
P.O. Box 1033
Coleman, FL 33521