UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CHARLES D. KELLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:09-cv-0297-JMS-TAB |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON DISCOVERY AND RELATED MATTERS**

The parties appeared on February 14, 2013, for a telephonic status conference. The Court addressed Plaintiff's motion for extension of time to file a response to summary judgment [Docket No. 139], Plaintiff's reply in support of his request for production of documents [Docket No. 140],[1] and Plaintiff's motion for timeliness. [Docket No. 141.] The parties were provided an opportunity to be heard on these and other related matters.

With respect to Plaintiff's reply in support of his request for production, the Court ordered Defendant to produce documents listed in privilege logs A, B, and C for *in camera* review, which Defendant produced.[2] Some of these documents include incident reports for a June 13, 2007, assault that resulted in a homicide; incident reports related to Plaintiff's October

---

[1] The Court previously denied Plaintiff's motion to compel, but ordered further action by the parties related to completing discovery, which prompted Plaintiff to file a reply. [*See* Docket No. 132.]

[2] To the extent that Plaintiff's reply was untimely, the Court grants Plaintiff's motion for timeliness [Docket No. 141] and considers Plaintiff's reply.

25, 2007, assault; inmate profiles and data; a roster of inmates; post orders for compounds 1-3 and towers 2 and 7; and a technical reference manual.  Defendant objects to producing these documents to Plaintiff and contends that they are not relevant in light of the discretionary function exception to the Federal Tort Claims Act and would create a security risk because Plaintiff is an inmate.  Having reviewed these documents and considered Defendant's discretionary function argument, the Court orders Defendant to produce additional discovery documents as set forth below.

Although commonly referred to as a jurisdictional issue, the discretionary function exception is a judgment bar defense.  *Williams v. Fleming*, 597 F.3d 820, 822–24 (7th Cir. 2010).  To overcome this defense, Plaintiff must show facts "which would support a finding that the challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime."  *Belbachir v. United States*, No. 08-C-50193, 2012 WL 5471962, at *4 (N.D. Ill. Nov. 9, 2012).  As such, Plaintiff is entitled to relevant prison policies to determine whether those policies and the prison officials' actions were grounded in the regulatory regime.  Nevertheless, *in camera* review of the disputed documents reveals that a majority of them do not shed any light on Defendant's established policies.

For example, the technical reference manual merely explains how to use a computer program called "SENTRY," which is a program used to assist in performing correctional services.  The incident reports do not discuss policy or the prison officials' response for either assault, they simply state that officials responded.[3]  Other documents such as inmate profiles and

---

[3]Nonetheless, as privilege log B indicates, the incident reports and other documents from Plaintiff's assault were produced to Plaintiff on June 25, 2012.

the roster of inmates do not have any bearing on the discretionary function issue, and in any event production of these documents raise legitimate safety concerns.

The only potentially relevant documents are the post orders and special instructions for compounds and towers, which arguably set forth prison policy related to security checks, emergency situations, and scheduled prisoner movements. But considering Defendant's objections, including security concerns associated with turning these orders and instructions over to an inmate, Defendant may use redactions as specified below.

Because Plaintiff was assaulted on October 25, 2007, at approximately 12:22 p.m., Defendant may redact the portions of the post orders that do not fall between 11 a.m. and 1 p.m. on October 25, 2007.[4] With respect to the special instructions for compound officers, most sections are irrelevant and vital to maintaining security. However, several sections of the special instructions are relevant and do not reveal information likely to cause a breach in security: the safety conditions, first responder instructions, and emergency protocols sections. All other sections may be redacted. Finally, Defendant shall not redact the "Post Order Review Sheet" attached to the post orders and special instructions. Although Defendant contends that the purported policies contained in the above documents are merely discretionary, that is an argument that should be addressed at summary judgment. Withholding these documents at this stage is premature and would deprive Plaintiff the ability to argue that these policies are mandatory or not grounded in the regulatory regime.

---

[4] For the tower 7 post orders, Defendant should not redact the part of the 10:45 a.m. order that states how prison officials should respond to an emergency situation on the compound or recreation yard where physical violence takes place. All other parts of the tower 7 post orders may be redacted because they are irrelevant and implicate security concerns.

Accordingly, (1) Plaintiff's motion for timeliness [Docket No. 141] is granted, (2) Defendant shall produce redacted post orders and special instructions—documents 1-7 in privilege log C—by March 13, 2013,[5] and (3) Plaintiff's motion for extension of time to file a response to summary judgment [Docket No. 139] is granted.  Plaintiff has until April 1, 2013, to file his summary judgment response.  Defendant shall file any summary judgment reply by April 15, 2013.  The Court does not anticipate enlarging this response deadline further.  In light of the limited number of documents that Defendant must produce, and the amount of time Plaintiff already has had to prepare his summary judgment brief, Plaintiff (and Defendant) should be able to proceed expeditiously at this point.

DATED: 02/27/2013

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

---

[5] Defendant need not include documents that do not contain the relevant time periods set forth above.  For example, it is not necessary to produce a redacted version of compound post order one for 12 a.m. to 8 a.m. and 4 p.m. to 12 a.m., but Defendant must produce a redacted version of compound post order one for 8 a.m. to 4 p.m.

Copies to:

Jeffrey L. Hunter
UNITED STATES ATTORNEY'S OFFICE
jeff.hunter@usdoj.gov

Charles Derrick Keller
Reg. No. 06822-025
Marion U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 1000
Marion, IL 62959